RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dominique A. Ardura**,** <br><br>                 Plaintiff, <br><br>    --against— <br><br> Creative Biogene Inc., Dong Chen, an individual, <br><br>               Defendants. | **COMPLAINT** |

Plaintiff, Dominique A. Ardura, ("Plaintiff") by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, Creative Biogene Inc.  and Dong Chen, jointly and severally (collectively referred herein as "defendants") alleges:

### NATURE OF THE ACTION

1.    This action seeks to recover unpaid overtime and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of Plaintiff.

2.    Defendants deprived Plaintiff of the protections of the FLSA and NYLL by failing to pay premium overtime pay for all hours worked in excess of 40 hours per week.

**JURISDICTION**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

6.      Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391 because the corporate defendant is located there and the cause of action arose there.

**THE PARTIES**

**Plaintiff**

7.      Defendants employed Plaintiff as a Project Manager  to perform the following duties from on or about August 1, 2023 through January 31, 2025:  set up the laboratory and work on client's projects in the field of proteomics and drug characterization.

8.      The parties executed an offer letter which required Plaintiff to pay liquidated damages of up to $24,000 if Plaintiff left employment before the end of two years, which Plaintiff believed was enforceable.

9.      Plaintiff was not exempt from the FLSA because since Defendants did not pay Plaintiff on a salary basis because:

        a.      Defendants paid Plaintiff by the hour and deducted wages for days in

which Plaintiff missed less than a full day of work; or

b. Defendants forfeited any alleged exemption because they paid Plaintiff once a month.

10.  Defendants employed Plaintiff 5 to 6 per week, from for up to 60 or more hours each week.

11.  Defendants paid Plaintiff as follows: $248 per day plus various bonuses.

12.  Defendants did not pay Plaintiff premium overtime pay for hours worked in excess of 40 hours per week.

13.  Plaintiff was not permitted an uninterrupted half hour for required meal breaks.

14.  Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

**Defendants**

15.  Defendants operate a biotechnology laboratory.

16.  Defendant Creative Biogene Inc. , is a New York corporation with its principal executive office located at 45 Ramsey Road, Unit 1, Shirley, NY 11967 in the County of Suffolk.

17.  Defendant Creative Biogene Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including biogenetic matter, computers, phones, and software, and (2) an annual gross volume

of sales in excess of $500,000.

18.  Defendant Creative Biogene Inc. , is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiff.

19.  Defendant Dong Chen is an owner and/or officer of Creative Biogene Inc. Defendant Dong Chen  exercises sufficient control over the corporations' operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' employment and pay practices.

20.  At all relevant times, Dong Chen  has maintained control, oversight, and direction over Plaintiff because Dong Chen  hired Plaintiff and set Plaintiff's rate of pay.

21.  The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

## DEFENDANTS' FAILURE TO PAY OVERTIME

22.  Defendants suffered or permitted Plaintiff to work more than 40 hours per week, without paying Plaintiff premium overtime pay at the rate of time and one half for hours worked in excess of 40 hours per week.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

23.  The NYLL and Wage Theft Prevention Act requires employers to provide all

employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

24.  Defendants failed to furnish Plaintiff with wage notices as required by § 195(1) of the Labor Law.

25.  The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

26.  Defendants also failed to furnish Plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

27.  Defendants' failure to provide proper notices and wage statements impaired Plaintiff's ability to seek relief for violations of the wage and hour law.

28.  More specifically, Defendants' failure to provide proper notices and wage statements deprived Plaintiff of the ability to know how many hours Plaintiff worked each week and/or the wage that Defendants paid to Plaintiff.  This prevented Plaintiff from being able to know the precise amount of unpaid wages, thus depriving Plaintiff of income for a longer period of time than if Plaintiff were able to discern the underpayment by receiving an appropriate notice.

29.  Defendants' failure to provide proper notices and wage statements also caused Plaintiff to suffer injury because Plaintiff was underpaid and never advised of an entitlement to minimum wage and/or overtime wages for hours worked in excess of 40 hours each week, thus impairing Plaintiff's ability to advocate for lost wages under the FLSA and NYLL.

**LATE PAY UNDER FLSA**

30.  Defendants paid Plaintiff monthly, and therefore did not pay Plaintiff within

weeks of

**FREQUENCY OF PAY UNDER NYLL**

31.   Article 6 of the New York Labor Law was enacted to strengthen and clarify the rights of

employees to the payment of wages.

32.  Plaintiff was either a manual or clerical worker under § 191 of the New York Labor Law.

33.  Defendants paid Plaintiff monthly, instead of weekly or twice per month, which caused

Plaintiff to suffer concrete harm because Plaintiff was underpaid and deprived of the use of Plaintiff's

earned wage.

34.  This temporary deprivation of wages harmed Plaintiff because, every day that a sum of

money is wrongfully withheld, Plaintiff lost the time value of Plaintiff's wage.

35.  This is especially acute for workers who depend upon their wages for sustenance, like

Plaintiff.

**FIRST CAUSE OF ACTION**
**(FLSA – Unpaid Overtime Wages)**

36.  Plaintiff realleges, and incorporates by reference, all previous allegations as

though fully set forth herein.

37.  At all times relevant, Plaintiff was an "employee" within the meaning of

29 U.S.C. §§ 201 *et seq.*

38.   At all times relevant, Defendants have been employers of Plaintiff, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

39.   Defendants have failed to pay Plaintiff premium overtime pay, to which Plaintiff is entitled under the FLSA.

40.   Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

41.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

42.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

43.   As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being overtime pay in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (NYLL – Unpaid Overtime)

44.   Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

45.  Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and Defendants therefore employed Plaintiff.

46.  Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

47.  At all times relevant, Plaintiff was an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

48.  Defendants have failed to pay Plaintiff premium overtime pay to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

49.  Through their knowing or intentional failure to pay overtime pay to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

50.  Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

51.  Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

52.  Defendants have willfully failed to supply Plaintiff with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

53.  Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

54.  Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### FOURTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

55.  Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

56.  Defendants have willfully failed to supply Plaintiff with an accurate statement of

wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime

rate or rates of pay if applicable; the number of hours worked, including overtime hours

worked if applicable; deductions; and net wages.

57.   Through their knowing or intentional failure to provide Plaintiff with the

accurate wage statements required by the NYLL, Defendants have willfully violated NYLL,

Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor

Regulations.

58.   Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover

from the Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and

costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## SIXTH CAUSE OF ACTION
### (Failure to Pay Timely Under the FLSA)

59.   Plaintiff realleges, and incorporates by reference, all allegations in all preceding

paragraphs.

60.   Defendants did not pay Plaintiff wages within weeks of her required payday, in violation

of the FLSA.

61.   Defendants are liable for liquidated damages for their late payments to Plaintiff.

## SEVENTH CAUSE OF ACTION
### (Failure to Pay Timely Under the NYLL)

62.   Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs

63.   Defendant is an "employer" under Article 6 of the New York Labor Law.

64.   Plaintiff is an "employee" and either a "manual worker" Law or a "clerical or other worker" under Article 6 of the New York Labor Law.

65.   Upon information and belief, more than 25% of Plaintiff's work was manual work under the New York Labor Law.

66.   If Plaintiff were a manual worker, Defendants were required to pay Plaintiff every week, no later than seven calendar days after the end of the week in which the wages are earned according to §191 of the New York Labor Law.

67.   Alternatively, if Plaintiff were a clerical or other worker, Defendants were required to pay Plaintiff semi-monthly, according to §191 of the New York Labor Law.

68.   Defendant paid Plaintiff once per month.

69.   Defendants are liable for liquidated damages for their late payments to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a.   Declaring that Defendants have violated the overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b.   declaring that Defendants have violated the overtime pay provisions of the NYLL, and supporting regulations;

c.   declaring that Defendants have violated the Wage Theft Prevention Act;

d.   declaring that Defendants' violations of the FLSA were willful;

e.   declaring that Defendants' violations of the NYLL were willful;

f.   awarding Plaintiff damages for all unpaid wages;

g.   awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h.   awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i.   awarding Plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j.   issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

k.   awarding Plaintiff liquidated damages for late payments pursuant to the FLSA;

l.   awarding Plaintiff liquidated damages for late payments pursuant to the NYLL;

m.  awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

n.  granting an injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

o.  awarding Plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

p.   awarding such other and further relief as the Court deems just and proper.

Dated:     Mineola, NY
           March 29, 2025

RAYMOND NARDO, P.C.

By: _____

RAYMOND NARDO, ESQ.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*